IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-0159-01-CR-W-ODS |
| | ) |
| JOHUN L. ANDERSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING MOTION TO SUPPRESS (DOC. 30)[1]**

The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation (Doc. 48) recommending that the undersigned deny Defendant's motion to suppress and Defendant's request for a separate *Franks* hearing. After conducting a *de novo* review of the Record, the Court overrules Defendant's objections and adopts Judge Maughmer's Report and Recommendation as the Order of the Court. This Order addresses the objections and is intended to supplement, not replace, Judge Maughmer's Report.

I. BACKGROUND

Law enforcement conducted a "buy/bust" operation where surveillance observed a man later identified as Defendant exit a two-story apartment building in Kansas City and sell drugs to an undercover officer. "Bust" squad members quickly moved in and Defendant fled to a second-story apartment. Officers made a warrantless entry of the apartment and Defendant, along with two other suspects, were arrested. Officers then

---

[1] Defendant's motion to suppress includes the supplemental suggestions in support (Doc. 40), labeled "Supplemental MOTION to suppress . . . ."

executed a search warrant for the apartment; cocaine base, a pistol, and a rifle were seized.

Defendant was indicted for conspiracy to distribute cocaine base, possession with intent to distribute cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. Defendant moved to suppress the evidence against him, primarily arguing the officers' warrantless entry violated his Fourth Amendment rights. In his Report and Recommendation, Judge Maughmer determined the officers' conduct was permissible under exceptions to the Fourth Amendment's warrant requirement.

## II. DISCUSSION

### 1. Objections to Findings of Fact

Defendant's factual objections generally fall into four categories: (1) findings allegedly unsupported by the transcript; (2) findings allegedly based on internally inconsistent testimony; (3) findings based on the testimony of an officer (Matthew Masters) that should not have been believed over a defense witness' (Shilow Horn's) opposing testimony; and (4) findings of fact that should have been included in the Report and Recommendation but were not. The Court's de novo review of the hearing transcript and exhibits persuades it that none of these objections have merit.

Regarding the first category of factual objections, Judge Maughmer's findings are based on reasonable inferences fully supported by the record. In particular, the Court concludes (1) the totality of the undercover officer's testimony demonstrates he identified Defendant as the person who sold drugs to him earlier, (2) there are no inconsistencies in Officer Matthews' testimony, (3) Officer Matthews' testimony is more credible than conflicting testimony because his testimony is more consistent with other evidence that the Court chooses to believe, (4) there are significant reasons to discount Ms. Horn's credibility, including her own desire to avoid legal difficulties and her relationship with Defendant, and (5) Defendant's additional facts do not entitle him to relief. Defendant's factual objections are overruled.

## 2. Objections to Conclusions of Law

Turning to Defendant's legal arguments, Defendant first objects to Judge Maughmer's conclusion that exigent circumstances justified the officers' actions. Law enforcement can enter a residence without a warrant if the entry is justified by exigent circumstances. *See U.S. v. Cisneros-Gutierrez*, 598 F.3d 997, 1004 (8th Cir. 2010) (citation omitted). To establish exigent circumstances, the government must show that an exigency existed and that there was probable cause to search the residence.[2] *Id.*

### (a) Entry onto Curtilage

After Defendant fled into the apartment building upon sight of the "bust" squads' cars, the officers exited their cars and chased Defendant through the apartment building's common door (which Defendant had deadbolted) and up the stairs to the second-story apartment Defendant had entered. Receiving no response after knocking on the apartment door and announcing their presence, officers then climbed out a second story window and positioned themselves on the apartment's balcony to see inside.

Defendant objects that Judge Maughmer failed to consider whether the officers' warrantless entry onto the balcony was lawful. But this is incorrect; Judge Maughmer concluded (and the Court agrees) that the officers reasonably perceived exigent circumstances existed when they made the decision to climb onto the balcony. By the time the officers entered the balcony: (1) surveillance crews had observed Defendant sell drugs to an undercover officert; (2) the surveillance crew relayed its observations and Defendant's description to the "bust" squad positioned two blocks away and kept Defendant in sight until "bust" officers arrived; (3) Defendant fled into the apartment building upon "bust" squad's arrival and deadbolted the common door behind him as well as the door of the apartment Officer Mathews watched him enter; and (4)

---

[2]Contrary to Defendant's argument, Judge Maugher accurately stated the law and cited *Greiner v. City of Champlin*, 27 F.3d 1346, 1353 (8th Cir. 1994), for support.

Defendant refused to answer the apartment door when officers knocked and announced their presence. The Eighth Circuit has

> held in a number of cases that police officers are justified in making an exigent-circumstances entry when, after going to a residence with evidence that an individual was involved in a drug transaction, they knock and identify themselves and then witness an individual retreat or conduct himself in a way that suggests the destruction of evidence.

*Cisneros-Gutierrez*, 598 F.3d at 1004. The entry onto the balcony was lawful.

### (b) Entry into Apartment

Defendant's second objection involves the officers' warrantless entry into the apartment. Horn, Defendant's then-girlfriend and the tenant of the apartment, was outside the apartment during the encounter, having approached the building from the street while officers were on the balcony. Officer Mathews made contact with her and asked for a key. Horn called Defendant on her cell phone and asked him to open the apartment door, which he eventually did. Officers then entered the apartment and made the arrests.

Defendant argues the warrantless entry into the apartment to secure the arrests was not justified by exigent circumstances. But in addition to the facts previously listed, officers on the balcony witnessed movement inside the apartment suggesting evidence was being destroyed. Officer Mathews also testified that Horn told him only one person – Defendant – was supposed to be in her apartment. All of these facts would have caused an objectively reasonable police officer to conclude that evidence was being removed or destroyed in the apartment. *See Cisneros-Gutierrez*, 598 F.3d at 1004 (citing cases). The warrantless entry into the apartment was lawful.

### (c) Receipt of Warrant

Defendant's final objection concerns the officers' failure to provide a copy of the search warrant at the outset of the search. But the Supreme Court has held that

officers are not required to provide a copy of the search warrant at the outset of the search.  See U.S. v. Grubbs, 547 U.S. 90, 98-99 (2006).  Defendant does not even cite Grubbs or attempt to distinguish it in any way.  His objection is overruled.

### III.  CONCLUSION

The Court has reviewed the record *de novo*, paying particular attention to the transcript of the hearing, and accepts in whole Judge Maughmer's findings and recommendations.  Defendant's motion to suppress and request for a separate *Franks* hearing are denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 31, 2010                UNITED STATES DISTRICT COURT