IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:09-CR-00159-01-BCW |
| JOHUN L. ANDERSON, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Johun L. Anderson's Amended Motion for Sentence Reduction Under the First Step Act. (Doc. #169). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On November 18, 2010, a grand jury returned a superseding indictment against Anderson charging him with conspiracy to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846; possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and possession of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

On April 26, 2011, Anderson pleaded guilty to possession with intent to distribute 5 grams or more of crack under 21 U.S.C. § 841(a)(1) and (b)(1)(B) and use of a firearm in connection with a drug trafficking crime. This guilty plea, alongside Anderson's prior drug felony conviction under § 851, resulted in a statutory range of punishment with a mandatory minimum of 10 years to life and 8 years of supervised release. 21 U.S.C. § 841(b)(1)(B).

Under the terms of the plea agreement, the parties agreed that the amount of crack involved in the offense was 67.62 grams. Anderson pleaded guilty to possession with intent to distribute 5

1

grams or more of crack, while also agreeing that the Government had evidence against him to establish his possession with intent to distribute 50 grams or more.

At sentencing, the Court assessed the offense level as 23, with a criminal history category of VI, and found the guideline range was 92 to 115 months. On November 16, 2011, the Court sentenced Anderson to the mandatory minimum sentence of 120 months on the drug count and 60 months on the firearms count to be served consecutively for a total custodial sentence of 180 months. The Eighth Circuit denied Anderson's direct appeal.

## LEGAL STANDARD

Generally, a court may not "modify a term of imprisonment once it has been imposed." Freeman v. United States, 564 U.S. 522, 526 (2011). However, 18 U.S.C. § 3582 provides an exception to this general rule, permitting the sentencing court to modify an existing term of imprisonment "to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). "The First Step Act, which was enacted on December 21, 2018, is one such statute." United States v. Graves, No. 2:04-CR-070, 2019 WL 3161746, at *1 (E.D. Tenn. July 15, 2019).

## ANALYSIS

In 2010, Congress enacted the Fair Sentencing Act, which reduced the sentencing disparity for convictions involving crack versus convictions involving powder cocaine. Dorsey v. United States, 567 U.S. 260, 269 (2012) (discussing Fair Sentencing Act of 2010, 124 Stat. 2372)).

Section 2 of the "[t]he Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." Id. (citing Fair Sentencing Act, § 2(a), 124 Stat. 2372)).

Section 3 of the Act "eliminated the 5-year mandatory minimum for simple possession of crack." Id. (citing Fair Sentencing Act § 3, 124 Stat. 2372).

In 2018, Congress enacted the First Step Act which made certain parts of the Fair Sentencing Act retroactive. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019). Section 404 of the Fair Sentencing Act states as follows:

> (a) DEFINITION OF COVERED OFFENSE – In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. – A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS. – No court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, 132 Stat. 5194, 5222.

As set forth under Section 404 of the First Step Act, a district court may, but is not required to, upon a party's motion, (a) "impose a reduced sentence" based on the changes set forth in §2 and § 3 of the Fair Sentencing Act, as if these changes "were in effect at the time the covered offense was committed;" (2) if the court has not previously denied a previous motion under Section 404 of the First Step Act; and (3) offense at issue is a "covered offense" under the definition set forth in Section 404(a). First Step Act of 2018, 132 Stat. 5194, 5222.

A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act 404(a).

The issue in this case is whether Anderson's prior conviction for possession with intent to distribute 5 grams or more or crack falls within the definition of a "covered offense" under the First Step Act. Resolution of this dispute depends on the proper construction of the definition of a

3

covered offense, particularly the phrase "violation of a Federal criminal statute, the statutory penalties for which were modified . . . ." First Step Act 404(a).

The Government argues "the statutory penalties for which were modified by . . . ." necessarily refers to "violation," which describes the particular conduct involved in the offense at issue. The Government argues Anderson is not eligible for resentencing because the record shows that although Anderson pleaded guilty to possession with intent to distribute 5 grams of crack as a lesser included offense, the plea agreement reflects that Anderson's crime involved 67.62 grams of crack. Therefore, the Government asserts, Anderson is not entitled to relief under the First Step Act because although the Fair Sentencing Act increased the threshold amounts for crack possession triggering mandatory minimums from 5 grams to 28 grams for five years and 50 grams to 280 grams for ten years, Anderson's conviction involved 67.62 grams of crack, which is greater than the 28 grams necessary to trigger the mandatory minimum sentence even after the First Step Act.

By contrast, and in favor of First Step Act relief, Anderson argues "the statutory penalties for which were modified by . . . " necessarily refers to entirety of the previous phrase, "violation of a Federal criminal statute . . . ." Anderson argues he is entitled to relief because his conviction for possession with intent to distribute 5 grams of crack does not, by operation of the First Step Act, trigger the mandatory minimum sentence.

Anderson's plea agreement indicates the conviction under 21 U.S.C. § 841 involved 67.62 grams of crack. Ultimately, the parties dispute whether eligibility for First Step Act relief involves consideration of the statute of conviction, as Anderson asserts, or the conduct underlying the conviction, as the Government asserts.

The Fair Sentencing Act addresses disparity in sentencing which, "fell disproportionately on minority communities in America," and the First Step Act provides a vehicle for the exercise of the court's discretion to determine whether certain offenders were unfairly sentenced under a

4
Case 4:09-cr-00159-BCW   Document 184   Filed 05/20/20   Page 4 of 6

previously unfair and racially biased scheme. United States v. Pierre, 372 F. Supp. 3d 17, 18-19 (D.R.I. Apr. 5, 2019) (citing Dorsey, 567 U.S. at 268-69).

Consistent with the conclusions of multiple other district courts and circuit courts, this Court concludes "[a] venture into the definitional morass of the [Government's] 'violation' argument is unnecessary because this Court finds that the First Step Act uses the words 'the statutory penalties for which were modified by' to describe the immediately preceding words 'a Federal criminal statute.'" Graves, 2019 WL3161746, at *2 (citing United States v. Rose, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019)). This Court agrees that the most natural reading of this statute is to read "the statutory penalties for which" to modify the nearest noun phrase "Federal criminal statute," and not the more remote noun, "violation." Id.

> Thus, eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.

Graves, 2019 WL 3161746, at *2 (citing United States v. Boulding, 379 F. Supp. 3d 646, 648 (W.D. Mich. 2019)); United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, see First Step Act § 404(a), and it is [defendant']s statute of conviction that determines his eligibility for relief . . . .").

Further, to find that the First Step Act requires the Court to determine eligibility relative to conduct has potential to run afoul of the requirements of Apprendi v. New Jersey, 530 U.S. 466, 483 n.10 (2000) (finding "facts that expose a defendant to a punishment greater than that otherwise legally prescribed [a]re by definition 'elements' of a separate legal offense" and must be submitted to the jury and proved beyond a reasonable doubt ) and Alleyne v. United States, 570 U.S. 99, 116 (2013) (finding "the aggravating fact produced a higher range, which, in turn, conclusively

5

indicates that the fact is an element of a distinct and aggravated crime," which must be submitted to the jury and proved beyond a reasonable doubt).

Moreover, interpretation of Section 404 eligibility as determined relative to the conduct of the offense, as opposed to the fact of the conviction, invites unnecessary hypotheses about how the Government would have charged an offender differently to account for the actual amount of crack involved in the offense. United States v. Dodd, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019). While the drug amount involved in the conviction and the specific conduct surrounding the conviction may be relevant during the sentencing phase, the Court must first determine eligibility for First Step Act relief, and eligibility is determined with reference to "a violation of a Federal criminal statute." First Step Act 404(a).

Even if, from a grammatical standpoint, reasonable minds could disagree about what congressional intent is communicated by the plain language of Section 404, the rule of lenity would direct the conclusion above. Leocal v. Ashcroft, 543 U.S. 1, 11 n.8 (2004).

In this case, Anderson pleaded guilty to violating § 841(b)(1)(B)(iii) in 2008, which is before August 3, 2010. Section 2 of the First Step Act modified the statutory penalties for § 841, which is the applicable "Federal criminal statute." The record does not indicate any motions for First Step Act relief previously filed and denied. Therefore, Anderson was sentenced for "a covered offense" and is eligible for relief under the First Step Act. Accordingly, it is hereby

ORDERED Anderson's motion under the First Step Act on the issue of eligibility is GRANTED. The Court takes the remainder of the motion under advisement and will set this matter for a resentencing hearing.

IT IS SO ORDERED.

DATED: <u>May 20, 2020</u>　　　　　　　　<u>/s/ Brian C. Wimes                    </u>
　　　　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

6

Case 4:09-cr-00159-BCW   Document 184   Filed 05/20/20   Page 6 of 6